## Wyman v. Cohen

178

*J. G. Feldman*, for plaintiff.

*Swartz, Campbell & Henry*, for defendant.

WEINROTT, J., February 1, 1957.—Plaintiffs, husband and wife, filed a complaint in trespass averring that defendant negligently operated his vehicle and collided with their automobile, damaging it and causing personal injuries to both of them. Defendant filed an entry of appearance and then filed and served upon plaintiff-husband certain interrogatories. Objections were filed to a number of these interrogatories; however, the objections to all except three of them were withdrawn.

The first interrogatory, to which objections remain, reads as follows:

"11. Are you claiming any loss of earnings or impairment of earning power because of this accident? If so, state in detail the nature of your employment immediately prior to the accident, the name of your employer, the amount of your earnings, and whether or not you received payment of your full salary during any disability which you may have had. If you are self-employed, state the names and addresses of any additional employees hired as a result of your disability, the inclusive dates of such employment and the amount of money paid to each. If you are self-employed, state the duration of your disability, the amount you claim as loss of earnings, and your net income as indicated in your Federal Income Tax Return for the years 1954 and 1955."

Plaintiff objected to that portion of interrogatory no. 11 which reads, ". . . whether or not you received payment of your full salary during any disability which you may have had", as being irrelevant, for the reason that recovery of wages may be had from the tortfeasor even though payment was received from plaintiff's employer. Plaintiff's objection to this interrogatory is without merit. The right to recovery in such an instance is not absolute. The applicable rule of law provides that if the payments by the employer were a gratuity or gift, recovery still may be had for loss of wages against a third party tortfeasor. Whether the money paid to plaintiff was a gift or wages for services actually rendered presents a question of fact to be determined by the jury from the evidence: Stevenson v. Pa. Sports & Enterprises, Inc., 372 Pa. 157.

Since the date of the filing of plaintiff's objections to defendant's interrogatories, an interrogatory requesting substantially the same information as that to which plaintiff objects was approved by the United States District Court for this district: See Interrogatory 3(a) and (b), The Legal Intelligencer, December 27, 1956. We also approve the form and substance of that interrogatory and find nothing in the procedural rules of the courts of common pleas which bars a construction coextensive therewith.

We conclude, therefore, that plaintiff's objection to defendant's interrogatory no. 11 should be dismissed.

Plaintiff also objects to defendant's interrogatory no. 14, which provides:

"14. If you have ever been involved in any other accident of any kind before or after the accident upon which this suit is based, state in detail the date of each accident and the injuries that you sustained in it."

Plaintiff objects to this interrogatory as irrelevant

and too broad, and contends that the interrogatory should be limited to accidents which affected those parts of plaintiff's body upon which the present suit is based. Defendant urges that this interrogatory inquires into the physical condition of plaintiff at the time of the accident, and that whether or not plaintiff had been in any other accidents is relevant to the question of plaintiff's physical condition.

The discovery rules require that the information requested substantially aid the inquirer. This does not mean that the discovery be merely useful or desirable to the inquirer for such an interpretation would permit a fishing expedition which is certainly not contemplated by our procedural rules. The phrase restricting discovery to such relevant matters as would substantially aid in the preparation of pleadings or the preparation for trial of the case is a common sense rule. We believe that this interrogatory, in its present form, subjects plaintiff to an unlimited inquiry which is beyond the scope intended or permitted by the discovery rules. We cannot agree that the information requested is relevant to the subject matter of the instant suit, and we believe that the interrogatory should be limited as is interrogatory no. 48, approved by our Federal court, which appeared in The Legal Intelligencer of December 27, 1956:

"48. Did plaintiff ever suffer any injuries, sickness, disease, or abnormality of any kind prior to the accident alleged in this action involving any part or function of the body claimed in this suit to have been injured?"

As so limited, we would deem the question to be properly within the scope of our discovery rules. We conclude, therefore, that plaintiff's objection to interrogatory no. 14, in its present form, should be sustained.

Defendant's interrogatory no. 15, reads as follows:

"15. State the court, term and number of any suit which you instituted for the recovery of damages for personal injuries to yourself."

Plaintiff objects to this interrogatory on the ground that it is irrelevant. This interrogatory is drawn similarly to interrogatory no. 14, and for the reasons set forth above, we believe that the question in its present form is too broad. If the question were limited to actions instituted for personal injuries to any part or function of the body claimed in the instant suit to have been injured, then we would believe it to be a proper item for discovery. It is important to note that, even if liberally construed, our discovery rules, unlike those of the Federal court, are limited to certain designated conditions which must be fulfilled.

We believe that defendant is entitled to know the past medical history of plaintiff only as it relates to the particular body member or function involved in the instant action. This information is clearly relevant and will substantially aid defendant in the preparation of the pleadings and the trial of the case.

We, therefore, make the following

*Order*

And now, to wit, February 1, 1957, it is ordered and directed that plaintiff's objection to defendant's interrogatory no. 11 is dismissed, and plaintiff's objections to interrogatories no. 14 and no. 15, in their present form, are sustained.

We would sustain properly propounded interrogatories concerning any illness or injury which plaintiff may have suffered prior or subsequent to the present accident, consistent with this opinion.